■ JOHN W. JORDAN, II, Appellant, v KENTSHIRE GALLERIES, LTD., et al., Respondents. [723 NYS2d 456] —Orders, Supreme Court, New York County (Edward Lehner, J.), entered on or about November 3, 1999 and August 25, 2000, which, in an action by a buyer of antique furniture to recover the value thereof, *inter alia*, determined that defendant seller did not bear the risk of loss after the item had left its premises, denied the buyer summary judgment against defendant art packer, and denied the buyer leave to amend his complaint, unanimously modified, on the law, the facts and in the exercise of discretion, to grant the buyer leave to amend his complaint, and otherwise affirmed, without costs.

The record is devoid of evidence that the seller agreed to ship the item to a particular destination (*see*, UCC 2-503, Comment 5). Indeed, since it is undisputed that the buyer's decorator asked the seller to recommend a carrier, that the seller recommended the art packer, and that the buyer paid the shipping costs by check made out to the art packer, it is clear that the buyer expected the seller only to put the item in the possession of the art packer and make such contract for its transportation as was reasonable (UCC 2-504 [a]). This being the parties' understanding, i.e., a shipping, not a destination, contract, the seller did not bear the risk of loss once the item was picked up from its premises by the art packer (UCC 2-509 [1] [a]). Issues of fact exist concerning the latter's liability,

including whether it procured the cargo insurance for which it was paid by the buyer, whether it was a carrier within the meaning of the Carmack Amendment (49 USC § 14706 [a] [1]) responsible for shipment of the item over its entire route, and, if so, whether the item was damaged in transit or after it arrived in the buyer's city and was put in a warehouse. Plaintiff's newly asserted claims that the item contained latent defects that made it susceptible to cracking, and was not of the age represented by the seller, are sufficiently meritorious for purposes of amending the pleading, and we modify accordingly. Concur—Nardelli, J. P., Mazzarelli, Andrias, Saxe and Friedman, JJ.